UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MELBA FORD,<br><br>　　　　　Defendant. | No. 1:17-cv-00187-DAD-EPG<br><br>ORDER DENYING MOTION FOR RULE 11 SANCTIONS AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. Nos. 10, 14) |

On February 10, 2017, plaintiff commenced this suit seeking to reduce the tax assessment against defendant Ford to a judgment. (Doc. No. 1.) On May 1, 2017, defendant filed a motion for imposition of sanctions under Rule 11 against Assistant United States Attorney Jonathan Hauck ("AUSA Hauck"). (Doc. No. 10.) On June 13, 2017, defendant filed a motion to dismiss the case for lack of subject matter jurisdiction. (Doc. No. 14.) Defendant's motions are meritless and will be denied.

Defendant seeks imposition of Rule 11 sanctions here because she believes AUSA Hauck is "knowingly using the falsified IRS records concerning 2003." (Doc. No. 10 at 5.) Defendant requests that the court either (1) issue an order to show cause directing AUSA Hauck "to provide citations FROM MY COMPLAINT justifying their claim that I supposedly seek to enjoin IRS preparation of substitute income tax returns"; or (2) order the production of "sworn substitute income tax returns shown in IRS records concerning me and 2003." (*Id*. at 6–7.) In this first

1

request, defendant presumably seeks to show this case does not fall within the Anti-Injunction Act ("AIA"). No party to this suit has asserted this case invokes the AIA. Another suit, an affirmative action filed by defendant seeking to enjoin the United States' tax collection efforts, was recently dismissed by order of this court as barred by the AIA. *See Ford v. Ciraolo-Klepper*, No. 1:17-cv-00034-DAD-EPG, 2017 WL 2189577 (E.D. Cal. May 18, 2017). However, these are separate actions. Since the AIA is not presently at issue in this case, there is no reason to afford defendant this aspect of the relief she seeks through the pending motions.

Concerning defendant's second request for relief, the court observes that under the discovery order in this case discovery has just opened, with the parties' initial disclosures being due June 14, 2017. (Doc. No. 13.) To the extent defendant seeks the production of documents or records, she may seek them in discovery through the use of the normal discovery tools. *See generally* Fed. R. Civ. P. 26–37. If defendant is unable to obtain the documents she seeks through discovery requests, she may file a motion to compel, noticing such a motion for hearing before the assigned magistrate judge. *See* Fed. R. Civ. P. 37(a); Local Rule 251.

As noted, defendant has also moved to dismiss this action due to lack of subject matter jurisdiction, but states no basis for this assertion. (Doc. No. 14.) The complaint in this case alleges that jurisdiction is based on 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402. (Doc. No. 1 at ¶ 3.) The court sees no apparent reason to question subject matter jurisdiction here. 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue."); 28 U.S.C. § 1345 ("[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States."); 26 U.S.C. § 7402 (affording jurisdiction for proceedings under the Internal Revenue Code).

/////
/////
/////
/////
/////

For the reasons set forth above:

1. Defendant's motion for Rule 11 sanctions (Doc. No. 10) is denied; and
2. Defendant's motion to dismiss this action for lack of subject matter jurisdiction (Doc. No. 14) is also denied.

IT IS SO ORDERED.

Dated: **June 28, 2017**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE