UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELBA L. FORD,<br><br>Defendant. | No. 1:17-cv-00187-DAD-EPG<br><br>ORDER DENYING DEFENDANT'S MOTION TO RECUSE AND DENYING AS MOOT MOTION TO STAY SUMMARY JUDGMENT BRIEFING<br><br>(Doc. No. 36) |

On February 20, 2018, defendant filed a motion to recuse the undersigned from presiding over this action, as well as a motion to stay the briefing on the government's pending motion for summary judgment until the recusal motion is ruled upon. (Doc. No. 36.)

Defendant's motion to recuse is brought pursuant to 28 U.S.C. § 455 (*id.* at 8), which provides, in part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

The standard for recusal under § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Mayes v.*

*Leipziger*, 729 F.2d 607, 607 (9th Cir. 1984) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)). Unlike a motion to disqualify under 28 U.S.C. § 144, § 455 has no procedural requirements and includes no provision for the referral of the question of recusal to another judge. *See United States v. Sibla*, 624 F.2d 864, 867–68 (9th Cir. 1980). Thus, the decision regarding disqualification under § 455 is made by the judge whose impartiality is at issue. *See In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994).

Here, defendant asserts that the undersigned must be recused because the undersigned "falsified the record of the civil case [defendant] filed against the IRS, 17-00034, *Ford v. Ciraolo-Klepper, et al*, in order to avoid adjudicating that case on its merits." (Doc. No. 36 at 1.) Defendant alleges that the undersigned "fabricated" a different version of the case and subsequently "dismissed *Ford* on the basis of [those] fabrications." (*Id.* at 3.) Defendant further speculates that the undersigned "appears to have learned how to falsify the record of my case as a result of an extra-judicial conversation he had with Mr. Christopher Reid Cooper, a judge in the District of Columbia" (*id.* at 6), and that the undersigned adjudicated defendant's prior case "in likely collusion" with Judge Cooper, based on alleged similarities between rulings issued by Judge Cooper and the undersigned. (*Id.* at 10.)

Not only is defendant incorrect, she has also failed to present any facts, as opposed to speculation, to suggest impartiality or bias on the part of the undersigned. Moreover, opinions formed by the judge "in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Prior judicial rulings unfavorable to defendant are a basis for appeal, not recusal. *See id.*

Although not raised in defendant's recusal motion, defendant Ford is a plaintiff in a separate lawsuit in which the undersigned has been named as a defendant. *See McNeil v. Harvey*, No. 1:17-cv-01720-RC (D.D.C. 2017). To the extent that any allegation may be made that the pending lawsuit in *McNeil* creates a bias in the undersigned toward the defendant here, the court notes that a judge is not disqualified by a litigant's suit or threatened suit against him. *Ronwin v.*

1 | *State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984); *see also United States v. Studley*, 783 F.2d 934, 939–40 (9th Cir. 1986). The Ninth Circuit has held that "[s]uch an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin*, 686 F.2d at 701.

Defendant's motion for recusal of the undersigned (Doc. No. 36) will be denied because it is both frivolous and based solely on speculation and the prior judicial actions of the undersigned. Defendant's motion to stay briefing on the government's pending motion for summary judgment (Doc. No. 36) until a decision is rendered on her motion to recuse is denied as having been rendered moot by the denial of the recusal motion.

IT IS SO ORDERED.

Dated: **March 2, 2018**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE