# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MELBA FORD,<br><br>　　　　Defendants. | Case No. 1:17-cv-00187-DAD-EPG<br><br>**ORDER DENYING DEFENDANT'S MOTIONS TO COMPEL, MOTION FOR SANCTIONS, AND MOTIONS TO STAY SUMMARY JUDGMENT BRIEFING**<br><br>(ECF Nos. 19, 21, 31, 34, 38, 39) |

## I.　BACKGROUND

On February 10, 2017, Plaintiff commenced this action seeking to reduce a tax assessment against Defendant to judgment. (ECF No. 1). The Court issued a Scheduling Conference Order on June 1, 2017, setting forth a non-expert discovery deadline of November 17, 2017, and a dispositive motion deadline of February 16, 2018. (ECF No. 13).

On October 3, 2017, the Court held a mid-discovery status conference. (ECF No. 18). Defendant appeared for the conference *in propria persona*, while Jonathan Hauck telephonically appeared on behalf of Plaintiff. The Court and the parties discussed outstanding discovery. In particular, Defendant stated that she did not receive discovery regarding the delegated authority of Internal Revenue Service ("IRS") Officer Dennis Stiffler to commence

1

collection efforts against her. Plaintiff was unable to specify to what extent Mr. Stiffler's collection efforts are relevant to the instant action. The Court directed the parties to meet and confer regarding the relevance of Mr. Stiffler's collection authority. The Court also instructed Defendant to serve a formal request for production pursuant to Fed. R. Civ. P. 34, and, in the event her Rule 34 request was unsuccessful, to file a motion to compel pursuant to Rule 37.

On December 1, 2017, Defendant filed a motion to compel discovery.[1] (ECF No. 21). Defendant identified the following discovery requests:

> 1. The substitute income tax returns IRS records show were prepared on July 11, 2006 or August 14, 2006 concerning me and 2003;
>
> 2. The delegation order EXPLICITLY authorizing IRS to prepare substitute income tax returns, without the request of a taxpayer;
>
> 3. Any contract or other document designating me as engaged in a revenue taxable activity;
>
> 4. The delegation order authorizing Revenue Officer Dennis Stiffler to take my personal property without a court order signed by a judge;
>
> 5. Proof that a legal lien exists against me, filed in the public record of California, authorizing the seizure of my property;
>
> 6. Proof that this Court has jurisdiction in this matter.

*Id.* On January 3, 2018, Plaintiff filed a response to the motion to compel, arguing that Defendant failed to make a formal request for discovery pursuant to Rule 34 and the time for non-expert discovery has expired. (ECF No. 23). Plaintiff further argued that the discovery requests are inappropriate, irrelevant, or based on a misinterpretation of the law.

The Court held a hearing on the motion to compel on January 19, 2017. Defendant appeared *in propria persona*, and Jonathan Hauck telephonically appeared on behalf of Plaintiff. The Court and the parties discussed at length whether Plaintiff had documents responsive to Defendant's informal requests, in particular documents concerning any collection

---

[1] On November 8, 2017, Defendant filed a motion to compel discovery. (ECF No. 19). Defendant did not properly notice the motion to compel, however. *See* L.R. 251. Accordingly, the Court directed Defendant to file her application in accordance with the local rules. (ECF No. 20). Thereafter, on December 1, 2017, Defendant filed and noticed an identical motion to compel. (ECF No. 21). As the two motions are identical, the Court will treat the motions to compel as one motion, filed on the latter date.

activities that may be relevant to this action. Nonetheless, the Court was unable to determine whether Plaintiff had produced all responsive documents in its possession, custody and control.

To assist it in ruling on the motion to compel, on January 22, 2018, the Court directed Plaintiff to file a supplemental submission describing whether any of the following documents exist, and whether it would voluntarily produce them: (1) documents, if any, in hardcopy or electronic form, the IRS has related to the amounts currently owed by Plaintiff related to taxes due for the year 2003; (2) documents related to collection efforts already undertaken by Plaintiff that were applied to the 2003 return; (3) documents reflecting the legal basis for the government to collect such taxes, either through collection efforts undertaken or any further right to collection. (ECF No. 28).

On February 5, 2018, Plaintiff filed its supplemental submission. (ECF No. 30). Plaintiff states that by letters dated January 24, 2018, and January 25, 2018, Defendant requested the following documents: (1) tax return that IRS received on July 11, 2016; (2) substitute return prepared by IRS on August 14, 2006; (3) all documents related to module entry, "290 Additional Tax Assessed," including Form 13496 and Income Tax Examination Change Form 4549; (4) Form 4340 Certificate; (5) documents establishing the IRS's authority to execute returns; (6) documents establishing the Court's jurisdiction; and (7) a signed contract between Defendant and the IRS. Plaintiff also states that on February 1, 2018, in response to the Court's January 22, 2018 Order and Ms. Ford's informal requests, it produced the following documents:

> a) A copy of [Defendant's] "ASFR TDI RECORD" for [her] 2003 income tax liability. (Bates No. US-000070)
>
> b) A redacted Certified Mail List for [Defendant's] Statutory Notice of Deficiency for tax year 2003 (Bates No. US-000071)
>
> c) Copies of forms 4340 dated December 2, 2016, for [Defendant's] 2003 income tax liability, and [her] Civil Penalty account for 1993, 2001, 2002, 2003, and 2005. (Bates No. US-000072 through 000104)
>
> d) Copies of updated "literal" Account Transcripts for [Defendant's] 2003 income tax liability, and [her] Civil Penalty account for 1993, 2001, 2002, 2003, and 2005. (Bates No. US-000105 through 000117)

3

> e) Copies of Internal Revenue Manual Sections 1.2.44.3, 1.2.44.4, 1.2.44.5, 1.2.43.9, and Delegation Order 25-1. (Bates No. US-000118 through 000131)

Plaintiff further states that the results of its search for responsive documents on a former Revenue Officer's computer have not yet been returned. Plaintiff also asserts that it does not anticipate producing any additional documents because the supplemental production has satisfied Defendant's document requests.

On February 5, 2018, Defendant filed a "Motion to Dismiss with Prejudice and Motion for Order to Show Cause Why the Government Should Not Be Sanctioned for Concealing Evidence." (ECF Nos. 31, 32). Defendant argues that Plaintiff has produced only two documents and two entries "likely" responsive to her letter dated January 25, 2018. Defendant asserts that Plaintiff has failed to produce the two most important documents she requested: the tax return that IRS received on July 11, 2016 and the substitute return prepared by IRS on August 14, 2006. Defendant further asserts, "I KNOW he can't ever provide those documents, and he should by now KNOW that, too, yet he refuses to concede for this Court they don't exist, as I requested." Defendant also argues that the IRS "uses layered document fraud, built upon layered computer fraud, to conceal its failure to prepare substitute income tax returns, and its lack of authority to prepare them." Defendant requests the following relief:

> 1. Mr. Hauck has defied the order of this Court to provide the sworn 1040A "return" IRS records concerning me show to have been "received" on July 11, 2016. Neither has Mr. Hauck conceded that no such 1040A return exists, as I requested him to inform the Court, when he couldn't produce the return.
>
> 2. Mr. Hauck has defied the order of this Court to provide the "substitute income tax return" IRS records concerning me shows was prepared on August 14, 2006. Neither has he conceded that no substitute income tax return exists, as I requested him to inform the Court, when he couldn't produce the return.
>
> 3. Mr. Hauck has defied the order of this Court to provide ALL the documents associated with the "290" transaction shown as occurring on 02-26-2007, (which in reality is merely the date an IRS data entry clerk entered into the 2003 module the deficiency amount computed on a Form 4549, as part of the

4

> SFR package "Jan Sinclair" created on July 24, 2006).
>
> 4. Mr. Hauck has provided the Form 4340 Certification, which was falsified, (as it always is), to reflect IRS' pretended preparation of a substitute income tax on three competing dates, none of which are true.
>
> I move the Court issue a Show Cause hearing to determine whether Mr. Hauck is in contempt of this Court's order of January 22, 2018.
>
> I further request the Court dismiss this case with prejudice.
>
> Finally, I request the Court enjoin IRS from ever again falsifying the records of those IRS labels "non-filers" by making them falsely reflect IRS's pretended preparation of substitute income tax returns on claimed dates, when no such thing exists.

On February 15, 2018, Defendant filed a second motion to compel, asserting that there are eight controversies or disagreements in this case, and requesting further document production to resolve the disagreement. (ECF No. 34). Defendant requests the production of the following documents: (1) the substitute return dated July 11, 2016; (2) the substitute income tax return prepared by the IRS on August 14, 2016; (3) every version of the account transcript; (4) the "Letter 2566"; (5) Delegation Order 5-2; (6) the source code for the IRS's Master File software; and (7) dummy returns pertaining to Defendant. Defendant also requests that Plaintiff explain whether 26 C.F.R. §301.6211-1 applies to her and her tax liability for 2003.

On February 16, 2018, Plaintiff filed a motion for summary judgment, noticed to be heard on March 20, 2018. (ECF No. 35).

On February 20, 2018, Defendant filed a motion to recuse District Judge Dale A. Drozd and to stay briefing on the motion for summary judgment until a decision is rendered on her motion to recuse. (ECF No. 36). On March 2, 2018, Defendant's motion was denied in its entirety. (ECF No. 42).

On February 27, 2018, Defendant filed a third motion to compel and a motion to stay briefing on the motion for summary judgment. (ECF No. 38). Defendant argues that Plaintiff has failed or refused to provide documents that would raise fact controversies sufficient to defeat its motion for summary judgment. Defendant requests that the Court compel Plaintiff to

produce the following documents: a certified copy of IMG MCC transcript; a certified copy of "Letter 2566" dated July 24, 2006; a certified copy of TDO 5-2, Rev. 2; a certified copy of any "Dummy Return" relevant to Defendant; and a certified copy of all documents associated with 290 transaction.

On February 27, 2018, Defendant also filed "Defendant's Interrogatories and Motion for Stay of Summary Judgment Timetable," in which she sets forth twenty-five interrogatives and requests to stay briefing on the summary judgment motion until she secures answers to the interrogatories. (ECF No. 39).

## II. DISCUSSION

### A. Legal Standard

A party may serve on any other party a request within the scope of Rule 26(b) of the Federal Rules of Civil Procedure to produce and permit the requesting party or its representative to inspect, documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information on the date specified. Fed. R. Civ. P. 34(a). In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence. *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).

Under Rule 37, a party may move for an order "compelling disclosure or discovery" when a responding party has failed to respond to discovery or has provided evasive or incomplete responses. The party, however, "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Rule 37 also grants federal courts "considerable discretion to impose the extreme sanction of dismissal or default where there has been flagrant, bad faith disregard of discovery

duties." *Wanderer v. Johnston*, 910 F.2d 652, 655–56 (9th Cir. 1990) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). In the Ninth Circuit, courts are to consider a set of factors to determine whether a dismissal of default is appropriate as a Rule 37 sanction: "1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer*, 910 F.2d at 656. The court "need not make explicit findings regarding each of these factors." *Id.*

The Eastern District of California Local Rules sets forth the requirements for filing a motion to compel discovery. Local Rule 251(a) provides that a motion to compel discovery "may be had by the filing and service of a notice of motion and motion scheduling the hearing date on the appropriate calendar at least twenty-one (21) days from the date of filing and service." Local Rule 251(b) further provides that a discovery motion will not be heard unless "the parties have conferred and attempted to resolve their differences." "Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel." L.R. 251(b). *Pro se* litigants are afforded a degree of leniency with respect to their pleadings, but they are nonetheless required to comply with the rules of litigation procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).

### B. Analysis

Defendant's first motion to compel, (ECF Nos. 19, 21), must be denied. Plaintiff has produced the documents that Defendant requested. There is no evidence that Plaintiff has further responsive documents yet is failing to produce them. Furthermore, Plaintiff has complied with the Court's January 22, 2018 Order by reviewing its records, describing what relevant documents it has in its possession, and voluntarily producing such documents.

Defendant argues that Plaintiff has failed to produce the documents she requested, and

asserts, "I KNOW [Plaintiff] can't ever provide those documents, and [Plaintiff] should by now KNOW that, too, yet [Plaintiff] refuses to concede for this Court they don't exist, as I requested." (ECF No. 31). To the contrary, Plaintiff has stated that the documents Defendant requests do not exist in the format that Defendant seeks their production. (ECF Nos. 23 at 4; 24 at 3). Plaintiff can only produce the documents requested as they exist in its possession, custody, or control. Thus, the disagreement between the parties is not one arising from a failure to produce discovery; it is a disagreement concerning the very merits of the case, which cannot be resolved by further document production. In other words, Defendant is free to argue on the merits that without production of the documents she seeks, Plaintiff lacks authority to impose taxes. That does not mean that dismissal is appropriate in connection with a motion to compel. Accordingly, Defendant's motion to compel, (ECF Nos. 19, 21), is denied.

Defendant's remaining motions to compel discovery, (ECF Nos. 34, 38, 39), are untimely. The period for non-expert discovery expired on November 17, 2017. (ECF No. 13). Now, almost three months after the deadline, Defendant purports to serve interrogatories and additional requests for production. Defendant has not requested an extension of the discovery deadline, and has not shown good cause for any such extension. In any event, Defendant's requests for production are duplicative of prior requests. Moreover, Plaintiff has already produced the documents of which Defendant now seeks production to the extent in its possession, custody and control.

Defendant's motion for sanctions, including terminating sanctions, prospective relief, and civil contempt sanctions, (ECF No. 31), must also be denied. Defendant sets forth two arguments in her motion for sanctions: (1) Plaintiff did not comply with the Court's January 22, 2018 Order, and (2) the documents she requests do not exist. Both of these grounds fail to rise to the level of a flagrant, bad faith disregard of discovery duties. First, Plaintiff has complied with the Court's January 22, 2018 Order. The Court did not compel Plaintiff to produce any document in that order. Rather, it asked Plaintiff to state whether it would voluntarily produce documents located after a search, and Plaintiff did this. Second, Plaintiff cannot produce documents it admits does not exist in the form Defendant requests. Indeed, Plaintiff herself

8

argues that such documents do not exist. Accordingly, the motion for sanctions is denied.

Finally, Defendant's motions to stay briefing on the summary judgment motion are denied. The summary judgment motion is now fully briefed, and the period for discovery has expired. Accordingly, Defendant's requests are moot.

In conclusion, Defendant is attempting to use motions to compel to argue her case on the merits. This case is about the right of Plaintiff, the United States of America, to collect certain taxes from Defendant. Defendant argues that Plaintiff needs certain documents in order to do so, yet does not have those documents, so lacks the right to collect the taxes. Whether Plaintiff has the right to collect income taxes based on its authority and documents it does have, and has provided, is a matter for the presiding District Judge and, if disputed, ultimately for trial.

### III. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motions to compel, (ECF Nos. 19, 21, 34, 38, 39), are denied;
2. Defendant's motion for sanctions, (ECF No. 31), is denied; and
3. Defendant's motions to stay briefing on the summary judgment motion, (ECF Nos. 38, 39), are denied.

IT IS SO ORDERED.

Dated: **March 16, 2018**

/s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE