UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELBA L. FORD,<br><br>Defendant. | No. 1:17-cv-00187-DAD-EPG<br><br>ORDER DENYING DEFENDANT MELBA FORD'S MOTION SEEKING RELIEF UNDER RULE 59 AND 60(b)(3) AND DENYING ALL OTHER MOTIONS AS MOOT<br><br>(Doc. Nos. 71, 78, 86) |

This matter is before the court on defendant Melba Ford's motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59 and 60(b)(3). (Doc. No. 71.) For the reasons that follow, defendant's motion will be denied.

The factual background of this case has been addressed in prior orders of this court and need not be repeated here. On September 28, 2018, the court granted plaintiff United States of America's ("plaintiff" or "the United States") motion for summary judgment against defendant Melba Ford ("defendant") and entered judgment against her in the amount of $190,854.91, which represents her 2003 federal income tax liability and includes interest and penalties assessed pursuant to 26 U.S.C. § 6702 for the years of 1993, 2001, 2002, 2003, and 2005. (Doc. No. 70.)

/////

1

On October 11, 2018, defendant filed a motion pursuant to Rule 59 and 60(b)(3) (Doc. No. 71) and a motion to stay execution of judgment pending a decision on her motions for reconsideration (Doc. No. 86). On January 18, 2019, defendant filed a motion to render immediate judgment. (Doc. No. 78.)

## DISCUSSION

As noted, defendant brings her motion pursuant to Rule 59 and Rule 60(b)(3) of the Federal Rules of Civil Procedure. A motion for reconsideration under Rule 59(e) "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993)). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F. 2d 364 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain."). Further, motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (emphasis in original) (citing *389 Orange St. Partners*, 179 F.3d at 665); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Rule 60(b)(3) permits relief "from a final judgment . . . for . . . fraud . . . or other misconduct of an adverse party."

/////

2

Local Rule 230(j) moreover requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Defendant argues that the court's order granting summary judgment to the United States should be reconsidered because in this case: 1) there are material factual controversies regarding whether there was a summary record of assessment that was signed by a duly delegated employee of the Secretary of the Internal Revenue Service ("IRS"); 2) the 2003 Form 4340[1] submitted by the United States was falsified, which creates a factual dispute about defendant's tax liability that precludes the granting of summary judgment; 3) alternatively, the allegedly falsified document submitted by the United States constitutes fraud pursuant to Rule 60(b)(3), and therefore warrants reconsideration of the court's prior order granting summary judgment in favor of the United States. (*See* Doc. No. 71 at 1.)

Defendant is seemingly repeating the same arguments, already considered and rejected by this court, that the Commissioner of the IRS has disclaimed the IRS's authority under 26 U.S.C. § 6020(b) to create tax returns for taxpayers who fail to file returns. (*See* Doc. No. 70 at 2, n.2; 10–12.) The court has previously concluded that defendant's argument regarding the lack of statutory authority allowing the IRS to create substituted returns if a taxpayer does not file a tax return is unpersuasive and entirely without support in the law. (*See id.* at 12.) Similarly, the court has already rejected defendant's contention that the government has falsified digital and paper records through the course of this civil action. (*See id.* at 13–14.) Though defendant repeatedly states that there are disputes about material facts precluding the granting of summary judgment in favor of the United States (*see* Doc. No. 71 at 9), defendant has not presented any

---

[1] As discussed in the court's prior order, a Form 4340 is an IRS Certificate of Assessments and Payments that calculates the amount of tax due for a tax year. (*See* Doc. No. 70 at 9.) Forms 4340 are a method through which the United States can establish an individual's tax liability. *See Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992) (finding that the Government's submission of a Form 4340 was sufficient to establish that a valid assessment had been made, in light of no contrary evidence from defendants).

actual evidence to support such assertions.  Of note, defendant has attached a declaration of Robert McNeil, a forensic accountant[2], in support of her motion for reconsideration, which similarly makes various conclusory assertions about documents that the United States has allegedly falsified.  (*See* Doc. No. 71 at 52–54.)  Defendant's conclusory allegations in this regard are wholly unsupported by any specific facts or evidence and are therefore insufficient to create a triable issue of fact precluding summary judgment or to warrant reconsideration of the court's prior order.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.")  The court does not view Mr. McNeil's declaration as providing any factual support for defendant's claim that the government has relied upon false documents due to its conclusory nature.  However, even assuming *arguendo* that it provided such support, defendant does not explain why the court should consider "evidence for the first time when [it] could reasonably have been raised earlier in the litigation."  *Kona Enters.*, 229 F.3d at 890.

Because defendant presents no new evidence or an intervening change in the controlling law, her motion for reconsideration pursuant to Rule 59 and Rule 60(b)(3) will be denied.

## CONCLUSION

Accordingly,

1. Defendant's motion for reconsideration pursuant to Rule 59 and Rule 60(b)(3) (Doc. No. 71) are denied in their entirety;
2. Defendant's other pending motions (Doc. Nos. 78, 86) are denied as moot;
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 29, 2019**

UNITED STATES DISTRICT JUDGE

---

[2] Mr. McNeil is also a *pro se* litigant who frequently challenges IRS actions pertaining to the collection of taxes and litigates related issues as well.  *See generally McNeil v. Commissioner of the Internal Rev. Serv.*, 179 F. Supp. 3d 1, 6–8 (D.D.C. 2016).